## METALS & CONTROLS CORPORATION et al. v. COE, Commissioner of Patents.
### No. 10595.

District Court of the United States for the District of Columbia.
Jan. 14, 1943.

Petition for Reconsideration Denied
Jan. 22, 1943.

Delos G. Haynes, of St. Louis, Mo., and Paul A. Blair, of Washington, D. C., for plaintiffs.

W. W. Cochran, of Washington, D. C., for defendant.

EICHER, Chief Justice.

It is conceded that plaintiff has applied, with commercial success, the process outlined in the three claims at bar. My study of the authorities cited to me by respective counsel discloses no case involving application of welding to the dished area of a composite metal having resilient qualities that are influenced by temperature, and where such a change in the character of the metal would be expected by those skilled in the art to result from the welding as to detroy the stability of the composite metal and its capacity to hold its calibration, both of which qualities are essential to the functioning of the device.

The case of Thomson Spot Welder Co. v. Ford Motor Co. 265 U.S. 445, 44 S.Ct. 533, 68 L.Ed. 1098, for example, cited by counsel for defendant, discusses the welding process solely as applied to homogeneous metals with no other functional purpose in mind than rigid attachment. And in that case, the Supreme Court quotes with approval from the Sixth Circuit Court of Appeals the following, page 451 of 265 U.S., 44 S.Ct. at page 536, 68 L.Ed. 1098: "Although invention is not necessarily negatived by the fact that each element of the combination is old, the question of fact whether the combination itself involves invention in view of the prior art is always present."

The record as made in this Court is convincing that men skilled in the art found that riveting did not work and that it was generally assumed in the art that, a fortiori, welding would not work. It was on this canvas that Vaughan "painted his picture" in 1936. I believe his successful combination of old elements was novel and useful, and constituted invention.

Judgment, therefore, will be for plaintiffs, and their counsel may prepare and submit appropriate order, together with suggested findings of fact and conclusions of law on or before February 1, 1943, serving copies of same on defendant's counsel at least 5 days prior to said date.

On Petition for Reconsideration.

Having read both the defendant's petition for reconsideration and plaintiff's memorandum opposing same, it is by the Court considered that its memorandum of January 14 should be, and it is, adhered to and that further procedure in this cause should be as therein directed.

Reference is made to an authority not mentioned by either counsel, namely, General Electric Co. v. Bullock Electric Mfg. Co., 1907, 6 Cir., 152 F. 427, wherein Circuit Judge Richards, speaking for himself, Lurton and Severens applies the sort of yardstick for the ascertainment of invention which this Court believes should be controlling under the facts in this case. The discussion therein, to my mind, persuasively distinguishes the authorities cited in the defendant's petition for reconsideration and convincingly adapts the principle recognized in Potts v. Creager, 155 U.S. 597, 15 S.Ct. 194, 39 L.Ed. 275.

The petition for reconsideration is therefore denied.